13-342(L)
Laurent v. Holder

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007 IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 27th day of October, two thousand fourteen.

PRESENT:  DENNIS JACOBS,
                    RAYMOND J. LOHIER, JR.,
                    CHRISTOPHER F. DRONEY,
                                *Circuit Judges.*
-------------------------------------------------------------------

CLYVES JUDE LAURENT,

                           *Petitioner*,

                              v.                                         No. 13-342-ag(L),
                                                                          No. 13-1560-ag(con)

ERIC H. HOLDER, JR.,

                           *Respondent*.
-------------------------------------------------------------------

FOR PETITIONER:    MATTHEW J. MOFFA (Meredythe M. Ryan, *on the brief*), Ropes & Gray LLP, New York, NY.

LEE GELERNT (Dror Ladin, *on the brief*), American Civil Liberties Union Foundation, New York, NY.

FOR RESPONDENT:    KEITH I. MCMANUS, Senior Litigation Counsel (Cindy S. Ferrier, Assistant Director, *on the brief*), *for* Stuart F. Delery, Assistant Attorney General, Office of Immigration Litigation, Civil Division, U.S. Department of Justice, Washington, DC.

Petitions for review of decisions by the Board of Immigration Appeals ("BIA").

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the lead petition for review is GRANTED, the BIA's order is VACATED, the consolidated petition for review is DISMISSED as moot, and the case is REMANDED to the BIA.

Clyves Jude Laurent, a citizen of Haiti, seeks review of (1) a December 26, 2012 decision of the BIA reversing an immigration judge's ("IJ") grant of deferral of removal pursuant to the Convention Against Torture ("CAT") and grant of adjustment of status, and (2) a March 25, 2013 order of the BIA denying his motion to reconsider. Under the circumstances of this case, we review only the decision of the BIA. See Yan Chen v. Gonzales, 417 F.3d 268, 271 (2d Cir. 2005). We assume the parties' familiarity with the facts and record of the prior proceedings, to which we refer only as necessary to explain our decision to grant the lead petition and remand the case to the BIA.[1]

---

[1] We resolve Laurent's petition on legal grounds without reaching the jurisdictional question in his case. See 8 U.S.C. § 1252(a)(2)(D).

2

## 1. Lead Petition for Review

In reversing the IJ's grant of CAT deferral, the BIA committed legal error by ignoring and seriously mischaracterizing record evidence regarding the length of Laurent's detention and the likelihood that he would not receive his medication or be rearrested after release in Haiti.  See Mendez v. Holder, 566 F.3d 316, 323 (2d Cir. 2009) (When the agency overlooks and mischaracterizes important evidence, "an error of law has occurred.").  The BIA concluded that Laurent's initial detention upon return to Haiti "may be as short as a few hours, but will not be more than a few days or weeks."  In doing so, it mischaracterized the declaration of Laurent's criminal deportee expert, which makes clear that the deportee could be detained for up to two years upon his initial return to Haiti.  In concluding that Laurent had failed to provide evidence that he was likely to be rearrested after his release in Haiti, the BIA also ignored record evidence in the form of reports stating that the Haitian government continues to monitor and arbitrarily arrest criminal deportees after their release from initial detention, particularly after the January 2010 earthquake.  Finally, in dismissing as speculative the IJ's finding that Laurent would be unmedicated when detained, the BIA disregarded record evidence that prison officials confiscate and re-sell the medication of mentally ill deportees, are unable to provide medication, and are unlikely to offer proper supervision of Laurent's bipolar and personality disorder.

The BIA also engaged in impermissible fact-finding.  See Weinong Lin v. Holder, 763 F.3d 244, 247 (2d Cir. 2014) ("[T]he BIA has no power to find facts."); 8 C.F.R. § 1003.1(d)(3)(i), (iv) (the BIA may remand to the IJ for further fact-finding if necessary but generally cannot itself engage in any fact-finding);.  For example, the BIA improperly found what it termed "short" detentions

3

insufficient for Laurent's untreated mental disorder to draw the attention of prison officials. The BIA also assumed, without evidentiary support, that Laurent's family could "continue to assist him even if he is in Haiti," despite the IJ's express finding that Laurent would have "no family or financial resources" if deported to Haiti.

2. Adjustment of Status

In reversing the IJ's grant of adjustment of status, the BIA properly reviewed de novo the IJ's weighing of factors and exercised its discretion in determining that the equities in Laurent's favor, including the potential hardship he faced in Haiti, did not outweigh the adverse factors. See 8 C.F.R. §1003.1(d)(3)(ii). However, because the BIA erroneously discredited the IJ's findings of fact regarding the conditions Laurent would face in Haiti, the BIA is directed on remand to reweigh the factors in light of this order. See Noble v. Keisler, 505 F.3d 73, 79 (2d Cir. 2007) (recognizing that "the BIA's declining properly to defer to factual findings by the IJ . . . will amount to an error of law" even in the context of generally unreviewable denials of discretionary relief).

3. Denial of the Motion to Reconsider

The BIA denied Laurent's motion to reconsider, concluding that it had not applied an incorrect standard of review or engaged in improper fact-finding. Remanding the lead petition effectively orders the BIA to address the errors that Laurent raised in his motion to reconsider. We therefore dismiss as moot the consolidated petition for review of the BIA's decision denying the motion to reconsider. See Koudriachova v. Gonzales, 490 F.3d 255, 264 (2d Cir. 2007).

4

For the foregoing reasons, we GRANT the lead petition for review, VACATE the BIA's order, DISMISS the consolidated petition for review as moot, and REMAND the case to the BIA.

FOR THE COURT:

Catherine O'Hagan Wolfe, Clerk of Court